### In the Matter of Diane M. GOUDY.

### No. 49S00–0212–DI–632.

Supreme Court of Indiana.

Feb. 24, 2005.

### *ORDER APPROVING CONSENT TO DISCIPLINE AND IMPOSING SUSPENSION*

The respondent, Diane M. Goudy, has stipulated certain facts and consented to discipline for attorney misconduct as alleged in the Disciplinary Commission's Verified Complaint for Disciplinary Action. The agreed facts are summarized below:

**Facts:** Between December 1998 and September 2003, six clients paid respondent to perform legal services. Respondent failed to perform the promised services and did not respond to her clients' numerous attempts to contact her. During this time, respondent was hospitalized briefly and unable to attend to her clients, but she never notified her clients of her situation. When clients requested refunds and return of their property, respondent did not respond. In each case, the clients filed grievances with the Disciplinary Commission. The Commission made numerous demands for responses from the respondent. She failed to respond to each demand, resulting in this Court issuing an Order to Show Cause.

**Violations:** These admissions of misconduct entail five violations each of Prof. Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, and 1.16(d), which requires a lawyer, upon being terminated, to surrender papers and property to which the client is entitled and refund any advance payment of fees that has not been earned; four violations each of Prof.Cond.R. 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client, and 8.1(b), which requires a lawyer to respond to a lawful demand for information from the Disciplinary Commission; two violations of Prof.Cond.R. 8.4(b), which prohibits a lawyer from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; and one violation each of Prof.Cond.R. 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation, and 1.16(a)(2), which requires a lawyer to withdraw from representation of a client if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent a client.

The Court, having considered the submission of the parties, now ORDERS that

the respondent, Diane M. Goudy, is suspended from the practice of law in this state for a period of not less than six (6) months effective March 28, 2005, and at the conclusion of which the respondent may petition this Court for reinstatement to the practice of law. Any reinstatement is likely to be subject to probation, continued treatment, and restitution. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and her attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Hon. John F. Hanley, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

SULLIVAN, BOEHM and RUCKER, JJ., concur.

SHEPARD, C.J. and DICKSON, J. dissent believing the discipline to be inadequate.